PER CURIAM:
The claimants, Alice Hope Bomboy and David Lynn Bomboy, filed this claim in the amount of $3,500.00 for water damage to their personal property situate at their residence in *145 the vicinity of Route 90 in Bayard, Grant County. Testimony, during the hearing revealed that the amount of damage claimed is $4,301.00. This amount included replacement costs of a three-year-old hot water tank, a ten-year-old washing machine and a six-year-old freezer. The claimants purchased their residence on September 3, 1969. They allege that the negligence of respondent for failure to properly maintain a culvert on State Route 90 opposite their property resulted in the basement being flooded and damage to their personal property.
Claimant David Bomboy testified that, until the time of a flood in May, 1985, he experienced no water problems on his property. He does not know the dimensions of the Department of Highways culvert which runs under State Route 90. He stated that a terra cotta drainpipe was present on the property when it was purchased. While the claimant stated he is unaware whether the terra cotta pipe ties into the respondent's drainage structure, the evidence tends to establish that it does. The claimant installed an eight-inch plastic pipe at this location sometime in the 1970's, which replaced part of the terra cotta pipe on 100 feet of the claimants' property.
On May 31, 1985, there was approximately five inches of rain over a 12-hour period. Claimant David Bomboy testified that a plastic mild jug and some large rocks had gotten into the pipe leading from the culvert. He stated that the culvert is the only opening in the pipe, and that the water backed up and flooded the basement of his home with approximately 30 inches of water. Claimant notified respondent of the problem and was able to unclog the pipe with the assistance of the town council and the volunteer fire department.
In order to correct the problem, claimant David Bomboy dug ditches under the foundation of his home, tore up the basement floor, and installed floor drains and a new drain out of the house. Although claimant removed a plastic milk jug at that time, he cannot say from which pipe it was removed. The drain from his washer located in the basement did hook into the eight-inch plastic pipe. His washing machine, kitchen sink, and the sink in the basement are also hooked into this line.
Terry Kesner, Maintenance Engineer for respondent in Grant and Mineral Counties, testified that he is familiar with the drainage on Route 90 at the location in question. He, along with several other of respondent's employees, visited the property on July 12, 1985. He had not received any complaints prior to July 12, but considerable damage had been done to the streets of Bayard from the extensive rainfall of May, 1985. The storm was a "100 year storm," and was considered to be a "catastrophe." He stated that none of the drainage structures on the primary roads are designed to carry more than a 50-year frequency storm. He reviewed a set of plans from 1929 and determined that 44 lineal feet of reinforced concrete pipe, 18 inches in diameter, was placed underneath State Route 90 with a standard concrete head wall on the inlet.
Kesner explained that there was no grate located over respondent’s pipe as there has not been a major construction program or project in Bayard since 1929. In his opinion, the water problem is a direct cause of the fact that claimants' basement floor level is lower than the *146 inlet elevation of the 18-inch pipe on State Route 90, and with claimants’ drain entering into this eight-inch pipe and with the eight-inch pipe obstructed, the water would be forced back up into claimants' basement. He could not say of his own knowledge that claimants' eight-inch pipe is connected to the State's culvert.
From the record in this case, it is difficult for the Court to believe that the diversion of surface water, caused by a stopped culvert, was the sole cause of the damages claimed. The extensive rainfall was a significant factor in the water problem. To hold that a diversion of water from a stopped culvert was the sole, direct, and proximate cause of the damage, is unwarranted from the evidence. However, it is clear that the absence of a grate on the culvert was certainly a contributing factor in the flooding.
Claimants' damages included 60 hours of labor for himself and his son at $1200.00 as well as $997.00 for the freezer, washing machine and hot water tank. After considering all of the evidence, the Court is of the opinion that the most the claimants could recover, if all of the damages were the result of the respondent's negligence, would be $2084.00. The Court is further of the opinion that the respondent was at most 33 % negligent, and, accordingly, the Court makes an award in the amount of $694.67.
Award of $694.67.